UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY UMANA,<br>    Petitioner,<br><br>v.<br><br>SCHELIA CLARK, Warden,<br>IMMIGRATION AND<br>NATURALIZATION SERVICE,<br>    Respondents. | :<br>:<br>:    Civil Action No. 3:02 CV 784(CFD)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## RULING ON HABEAS CORPUS PETITION

Pending is the petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1].[1] The petitioner claims that the Immigration Judge and the Board of Immigration Appeals erred in determining that she was removable and ineligible for § 212(c) relief because she had not served the required five years in prison at the time she was served with the Order to Show Cause, and her deportation proceedings were commenced prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Respondent Immigration and Naturalization Service ("INS")[2] has filed an opposition to the petition for habeas corpus, claiming that the petitioner is not eligible for discretionary relief under § 212(c) of the Immigration and Nationality Act ("INA") on two separate grounds: (1) at the time of her removal proceedings, she had served at least five years in prison and was therefore rendered ineligible for such relief under § 511 of the

---

[1]Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241.

[2]On March 1, 2003, the INS's enforcement functions were transferred from the Department of Justice into the Department of Homeland Security. The respondent will be referred to as INS in this opinion.

1

Immigration Act of 1990 ("IMMACT"); and (2) she is independently statutorily barred from § 212(c) relief by § 440(d) of AEDPA. In addition, the INS argues that the petitioner is not eligible for discretionary relief under INA § 212(h) because she was convicted of drug trafficking.

## I. Background

The petitioner, Nancy Umana ("Umana"), is a citizen and native of Colombia. She entered the United States as a lawful permanent resident on or about April 30, 1977. In June of 1990, Umana was arrested and indicted for conspiracy to distribute cocaine, possession with intent to distribute cocaine, and distribution of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) in the United States District Court for the Southern District of Florida. On July 20, 1992, following a jury verdict of conviction, Umana was sentenced to 210 months' imprisonment.

On April 14, 1993, the INS served Umana with an Order to Show Cause ("OSC") charging her with deportability under INA § 241(a)(2)(B)(i), for having been convicted of a controlled substance offense[3], and INA § 241(a)(2)(A)(iii), for having been convicted of an aggravated felony (as defined in INA § 101(a)(43))[4]. On July 18, 1996, the OSC was filed with the Immigration Court in Boston, Massachusetts. On September 11, 1997, the Immigration

---

[3]This section provided:
> Any alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

INA § 241(a)(2)(B)(i), codified at 8 U.S.C. § 1251(a)(2)(B)(i) (1993), which is now renumbered INA § 237(a)(2)(B)(i), codified at 8 U.S.C. § 1227(a)(2)(B)(i).

[4]This section provided that "Any alien who is convicted of an aggravated felony at any time after entry is deportable." INA § 241(a)(2)(A)(iii), codified at 8 U.S.C. § 1251(a)(2)(A)(iii) (1993), which is now renumbered INA § 237(a)(2)(A)(iii), codified at 8 U.S.C. § 1227(a)(2)(A)(iii).

Judge ordered Umana deported to Colombia and held that she was not eligible for discretionary relief from removal.

Umana filed a timely appeal to the Board of Immigration Appeals ("BIA") and on June 17, 1999, the BIA dismissed the appeal. The BIA noted some procedural concerns arising from the September 11, 1997 hearing, but concluded that the procedural concerns constituted harmless error because Umana did not contest deportability, she admitted that she was a lawful permanent resident with drug trafficking convictions, and she admitted that she served more than five years in prison for her aggravated felony convictions. The BIA held that Umana was ineligible for relief under INA §§ 212(c) and (h). First, the BIA found that § 440(d) of AEDPA barred Umana from § 212(c) relief,[5] and that there were no retroactivity concerns because Umana's deportation proceedings were not pending on the date of enactment of AEDPA - April 24, 1996. The BIA, relying on 8 C.F.R. § 3.14(a),[6] held that even though the INS served the OSC on Umana in April of 1993, the OSC was not filed with the Immigration Court in Boston until July 18, 1996, after the enactment of AEDPA. Thus, there were no deportation proceedings pending against Umana

---

[5]As amended by AEDPA § 440(d), § 212(c) provided in pertinent part:
>This section shall not apply to an alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i)

AEDPA § 440(d), Pub.L. No. 104-132, 110 Stat. 1214, 1277 (Apr. 24, 1996). Subsequently, Congress repealed § 212(c) relief for all aliens, effective April 1, 1997. Illegal Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104-208, § 304(b), 110 Stat. 3009-546, -597 (1996).

[6]"Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 3.14(a) (1997).

on April 24, 1996. Second, the BIA held that § 511 of IMMACT[7] barred Umana from § 212(c) relief because Umana had admitted to serving more than five years for her drug trafficking convictions. Finally, the BIA found that Umana was ineligible for § 212(h) relief because a § 212(h) waiver is limited to "a single offense of simple possession of 30 grams or less of marijuana," and Umana was convicted of conspiracy to distribute cocaine, possession with intent to distribute cocaine, and distribution of cocaine.

Umana moved to reopen her removal proceedings to apply for § 212(c) relief based on a change in the law. On June 8, 2001, the BIA denied the motion on the ground that Umana was ineligible for § 212(c) relief because she had served at least five years' imprisonment for her aggravated felony conviction. On July 6, 2001, Umana filed a motion to reconsider that decision. On August 1, 2001, the BIA denied the motion because Umana failed to present any new arguments and reconfirmed its prior decision.

Umana filed the instant habeas corpus petition on May 6, 2002. She claims in the petition that the IJ and BIA erred in determining that she was ineligible for § 212(c) relief. She argues that her deportation proceedings commenced when she was *served* with the OSC, not when the

---

[7] § 511 of IMMACT eliminated § 212(c) relief for an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years. IMMACT § 511 provides:

> (a) IN GENERAL.--Section 212(c) (8 U.S.C. 1182(c)) is amended by adding at the end the following: "The first sentence of this subsection shall not apply to an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years.".
>
> (b) EFFECTIVE DATE.--The amendment made by subsection (a) shall apply to admissions occurring after the date of the enactment of this Act.

Pub. L. 101-649, § 511(a), 104 Stat. 4978 (Nov. 29, 1990).

OSC was filed with the Boston Immigration Court. Since she was served on April 14, 1993, prior to the enactment of AEDPA, Umana argues, AEDPA § 440(d) does not bar her from § 212(c) relief. In addition, Umana argues that, for purposes of § 511 of IMMACT, she is not barred from § 212(c) relief because she had not served five years' imprisonment at the time she had been served with the OSC. The respondent INS argues that since deportation proceedings commence when an OSC is filed with the immigration court, Umana is barred from § 212(c) relief under AEDPA § 440(d) because the OSC in this case was not filed until *after* the enactment of AEDPA. In addition, the INS argues that the date of the removal order is the determinative date for purposes of IMMACT § 511. Since Umana had served five years' imprisonment by the date of the removal order, September 11, 1997, the INS argues, IMMACT § 511 bars her from § 212(c) relief.

**II.   Discussion**

At the time of Umana's conviction in 1992, INA § 212(c) provided in pertinent part:

> Aliens lawfully admitted for permanent resident who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c) (repealed 1996).[8] The language excluding relief for aliens who have served

---

[8] § 212(c) relief applies to aliens in deportation proceedings as well as to aliens in exclusion proceedings. Cato v. INS, 84 F.3d 597, 599-600 (2d Cir. 1996); Bedoya-Valencia v. INS, 6 F.3d 891, 895 (2d Cir. 1993); Francis v. INS, 532 F.2d 268, 273 (2d Cir. 1976). The five-year bar also applies in the deportation context. See 56 Fed. Reg. 50033, 50033 (Oct. 3, 1991) ("Thus, under the prevailing interpretation, the phrase 'shall apply to admissions' as used in section 511(b) of IMMACT refers to all applications for relief pursuant to section 212(c) of the Act submitted after November 29, 1990, whether at a port of entry or in subsequent proceedings

5

five or more years for aggravated felonies was added to the statute in 1990 and became effective on November 29, 1990. Umana does not dispute that she has been in custody since her arrest in June of 1990 or that in July 1992, she was convicted of drug trafficking offenses and sentenced to 210 months' imprisonment. Nor does she contest that she was convicted of an aggravated felony. Rather, Umana claims that in calculating time served for the five-year bar to be eligible for § 212(c) relief, the clock stops on the date she was served with the OSC. The INS claims that the Second Circuit decision in Buitrago-Cuesta v. INS, 7 F.3d 291 (2d Cir. 1993) controls the outcome here, and that it establishes that the 5-year period for § 212(c) eligibility runs from the date that the pretrial incarceration begins (if that time is later credited to the sentence) through the date of the IJ's final decision. Buitrago-Cuesta does make it clear that the 5-year period is to be gauged at the time of the IJ's decision. See Buitrago-Cuesta, 7 F.3d at 295-96; see also Giusto v. INS, 9 F.3d 8, 10 (2d Cir. 1993); Mezrioui v. INS, 154 F. Supp. 2d 274, 277 (D. Conn. 2001).

In Buitrago-Cuesta, the petitioner's pretrial detention began on March 7, 1986 and the judgment of conviction was entered on July 3, 1986. At the first hearing before an IJ, held on June 18, 1991, the petitioner indicated his intent to seek a discretionary waiver under § 212(c) (he submitted a written application on June 27, 1991). On August 2, 1991, the IJ made the final deportation decision. The Court stated that the controlling date for purposes of the § 212(c) 5-year period is the date of the IJ's decision, not the date of the petitioner's first request for § 212(c) relief.

The relevant date for computing the five-year bar is the date removal proceedings are concluded. More than five years elapsed from the date of Umana's arrest in June 1990 and from

---

before a district director or Immigration Judge.").

the date of the judgment of conviction in her criminal case in July 1992 to the date of the Immigration Judge's deportation decision on September 11, 1997, and the BIA's decision on June 17, 1999.  Thus, § 511 of IMMACT bars Umana from § 212(c) relief.

### III.    Conclusion

The Court concludes that Umana is statutorily ineligible for § 212(c) relief due to the length of the sentence she served.  Given this conclusion, the Court need not address whether deportation proceedings commence with the filing or the service of the OSC for purposes of AEDPA § 440(d).  Accordingly, the petition for writ of habeas corpus [Doc. #1] is DENIED. The Clerk is directed to close the case.

SO ORDERED this   26th   day of April 2004, at Hartford, Connecticut.

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**